IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA RANIERI, ) | |
| ) | |
| Plaintiff, ) | Case No. 21-CV-3048 |
| ) | |
| v. ) | Judge: |
| ) | |
| OPEN DOOR CLINIC OF GREATER ) | |
| ELGIN, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Debra Rainieri ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, PC, in complaining of the defendant, Open Door Clinic of Greater Elgin ("Defendant"), states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA") for Defendant discriminating against Plaintiff on the basis of her disabilities, denying her disability accommodations she requested, and retaliating against her for filing an EEOC charge against Defendant.

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in

that district.

4. Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission (attached as "Exhibit A") and was thereafter sent a notice of right to sue (attached as "Exhibit B"). Plaintiff timely filed a complaint with the United States District Court for the Northern District of Illinois within 90 day of her receipt of the notice of right to sue.

## PARTIES

5. Plaintiff is a disabled, adult individual and is currently a resident of Aurora, Illinois.

6. At all times relevant to the allegations herein, Defendant has been and is a not-for-profit domestic corporation organized under the laws of the State of Illinois.

7. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(5) and the FMLA, 29 U.S.C. 2611(4).

8. At all times relevant to the allegations herein, Plaintiff was an "employee" as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(4) and the FMLA, 29 U.S.C. 2611(3).

## FACTUAL ALLEGATIONS

9. Plaintiff was diagnosed with stage 2 breast cancer in or around November of 2019. Plaintiff's disability substantially limits her in numerous daily life activities, including but not limited to, the major bodily function of normal cell growth.

10. Plaintiff began employment with Defendant on or about August 21, 2017, with her most recent position being accounts receivable coordinator.

11. At all times relevant to the allegations herein, Plaintiff was meeting the legitimate work performance expectations of Defendant when its performance expectations were applied equally to similarly situated employees regardless of disability status and the need for accommodations.

12. Defendant's handbook allowed for its employees to receive a flex time work schedule when needed and prior to becoming disabled, Plaintiff was able to work a flex time work schedule when needed.

13. In January 2020, Plaintiff discussed with her supervisor, Lajuan Baines, her disability and advised her that she would have several doctor appointments over the coming months to treat her breast cancer.

14. At that time, Plaintiff asked Ms. Baines for the accommodation of a flex time work schedule so that she could attend doctor appointments and receive medical treatment related to her breast cancer, including radiation therapy. Ms. Baines denied Plaintiff's request for a flex time work schedule despite the fact that Plaintiff's position as an accounts receivable coordinator was well suited for a temporary flex time work schedule as many of her duties could be performed outside of normal business hours.

15. When Plaintiff explained to Ms. Baines that Defendant's employee handbook allowed for employees to receive flex time, Ms. Baines responded, "Well, we're not going by the handbook anymore."

16. Plaintiff then inquired about the availability of short-term disability, to which Ms. Baines responded that she could not get short-term disability and that she would have to request FMLA leave. Later in the conversation, Ms. Baines stated, "If you can't handle the job, then we will find a replacement."

17. Ms. Baines had allowed other employees to work flex time work schedules for non-medical, non-disability related issues including but not limited to Yesia Chavez (receptionist – same supervisor), Bonnie Lopez (referral coordinator – same supervisor), and Nuzhat Khurshid (AR coordinator – same supervisor).

18. On or around January 29, 2020, Plaintiff had another meeting with Ms. Baines regarding credentialing (the process of getting participation with insurance companies). Ms. Baines asked Plaintiff how the credentialing process was going. Plaintiff gave her a printout and told her that she was having a problem getting Dr. Zeba Geloo into CAQH (a clearing house for doctors used by insurance companies). Despite the fact that the issue Plaintiff was having getting Dr. Geloo into CAQH was clearly not due to any competency or performance issues on the part of Plaintiff, Ms. Baines again indicated Plaintiff's job was in jeopardy by stating, "If you can't do it, I'll get someone else who can."

19. Because Ms. Baines denied Plaintiff her requested accommodation to work flex time, Plaintiff had to go on short term disability beginning on February 10, 2020, causing Plaintiff to lose approximately 40% of her pay.

20. On February 19, 2020, Plaintiff filed a charge of disability discrimination with the EEOC alleging that Defendant was discriminating against her because of her disability and failed to provide her with reasonable disability accommodations.

21. Plaintiff returned to work on March 16, 2020, however, on or around March 27, 2020, Ms. Baines placed Plaintiff on a part-time work schedule, working only 30 hours per week. Plaintiff was initially told that she could make her own schedule, so Plaintiff chose to work three 10-hour shifts per week.

22. Plaintiff initially resumed working at her workstation located upstairs at Defendant's offices, which is where she had always worked. On April 25, 2020, Ms. Baines advised Plaintiff that she needed to work downstairs with all the other employees. Plaintiff explained that she wanted to continue working upstairs due to risks presented by her working so close to other employees during the covid pandemic with her weakened immune system from radiation treatment. Ms. Baines refused Plaintiff's request but allowed her to work on the behavioral health side of the office where there was less traffic. On May 4, 2020, however, Ms. Baines took away that accommodation and began requiring Plaintiff to work near the phlebotomy area where there was far more traffic. There is no reason to Plaintiff's knowledge why she could not have remained working upstairs, or at least near behavioral health.

23. Around or about the middle of April 2020, Ms. Baines brought back two of Plaintiff's coworkers to full time but did not bring Plaintiff back to full time. Instead, Ms. Baines discontinued allowing Plaintiff to work her desired schedule and advised her that she needed to work five 6-hour shifts every week.

24. Plaintiff sent an email to Human Resources Representative Jackie Throop on or about July 15, 2020, advising that she was aware that Plaintiff's coworkers had been brought back full time and inquiring when she would be brought back to work full time. Ms. Thorpe immediately responded that she would look into it and get back to her.

25. Plaintiff did not hear back from Ms. Throop until July 29, 2020, at which point Ms. Throop sent an email with the subject heading, "Touching Base," advising Plaintiff, "I am aware that you currently have a case pending with the EEOC against Open Door. I wanted to let you know that if you have any questions about your case and would like to discuss issues concerning this case, please address any questions to your attorney and they will contact open

door's attorney for comment." The email went on to warn Plaintiff not to discuss her "case" with other employees at work and that it would be inappropriate to do so.

26. Because Plaintiff had not heard back from Ms. Throop since she sent her July 15, 2020, email inquiring about when she would be able to come back to work full time, and because that email did not mention Plaintiff's "case", nor had she asked Ms. Throop any questions about her "case", Plaintiff took Ms. Throop's email to mean that Plaintiff was not being brought back to work full time because she had a case pending with the EEOC.

27. Sine the time that Plaintiff filed her EEOC charge against Defendant, Ms. Baines began harassing Plaintiff and subjecting her to a hostile work environment by micromanaging her, frequently admonishing her repeatedly for trivial matters and for issues that Plaintiff was clearly not culpable, and requiring her to travel to Defendant's Elgin office for matters to Defendant's agents admitted could have been addressed over the phone.

28. Due to the retaliatory hostile work environment Plaintiff experienced, Plaintiff resigned from employment with Defendant on or around November 30, 2020.

## COUNT I
## (ADA – DISABILTY DISCRIMINATION)

29. Plaintiff re-alleges paragraphs 1 through 27 and incorporates them as if fully set forth herein.

30. The ADA prohibits employers from discriminating against employees on the basis of a disability, because of a record of disability, or because the employer regards the employee as having a disability.

31. Plaintiff is an individual with a disability as that term is defined by the ADA.

32. By its conduct as alleged herein, Defendant intentionally discriminated against Plaintiff when it denied her requests for a flex time work schedule that Plaintiff needed to receive

6

medical treatment related to her disability but granting other employees' requests for a flex time work schedule that they needed for non-disability related reasons.

33. As a result of Defendant's actions, Plaintiff has suffered lost wages and emotional distress.

34. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

35. Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that the court order such relief as is necessary to make her whole, including:

a. Injunctive relief;

b. Lost wages and other economic damages;

c. Reinstatement, or in the alternative, front pay;

d. Compensatory damages for emotional distress, pain, and suffering;

e. Punitive damages;

f. Attorneys' fees and costs incurred in this action;

g. Such other relief as is just and equitable.

## COUNT II
### (ADA – FAILURE TO ACCOMMODATE)

36. Plaintiff re-alleges paragraphs 1 through 2 7and incorporates them as if fully set forth herein.

37. The ADA requires employers to make reasonable disability accommodations to qualified individuals with a disability so long as such accommodation would not create an undue hardship for the employer.

7

38. Plaintiff is a qualified individual with a disability in that she could perform the essential functions of his job with reasonable accommodations.

39. By its conduct as alleged herein, Defendant denied Plaintiff's reasonable disability accommodation request for a flex time work schedule that Plaintiff needed to receive medical treatment related to her disability.

40. As a result of Defendant's actions, Plaintiff has suffered lost wages and emotional distress.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination, including failing provide her with reasonable disability accommodations.

42. Plaintiff demands to exercise her right to a jury trial of this matter.

### PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that the court order such relief as is necessary to make her whole, including:

    a. Injunctive relief;

    b. Lost wages and other economic damages;

    c. Reinstatement, or in the alternative, front pay;

    d. Compensatory damages for emotional distress, pain, and suffering;

    e. Punitive damages;

    f. Attorneys' fees and costs incurred in this action;

    g. Such other relief as is just and equitable.

### COUNT III
### (ADA - RETALIATION)

43. Plaintiff re-alleges paragraphs 1 through 27 and incorporates them as if fully set

forth herein.

44. The ADA prohibits employers from retaliating against employees for engaging in protected activity, such as requesting accommodations or complaining that requested accommodations have not been granted.

45. Plaintiff engaged in protected activity when she filed a charge of disability discrimination against Defendant with the EEOC.

46. Plaintiff's supervisors and managers were aware that he had filed charges of discrimination with the EEOC.

47. "Retaliation claims arising from the filing of an EEOC charge need not comply with the exhaustion requirement." *Griffin v. Chi. Hous. Auth.*, 2014 U.S. Dist. LEXIS 164118, 10-11 (N.D. Ill. Nov. 24, 2014) citing *Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2001).

48. By its conduct as alleged herein, Defendant retaliated against Plaintiff for filing an EEOC charge of disability discrimination against Defendant when it subjected her to a hostile work environment, including but not limited to, changing her work location/refusing to allow her to work away from high traffic areas, refusing to bring her back to work full time, micromanaging her, frequently admonishing her repeatedly for trivial matters and for issues that Plaintiff was clearly not culpable, and requiring her to travel to Defendant's Elgin office for to discuss matters in person that Defendant's agents admitted could have been addressed over the phone.

49. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation for engaging in protected activity.

50. Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT III

WHEREFORE, Plaintiff prays that the court order such relief as is necessary to make her whole, including:

    a. Injunctive relief;

    b. Lost wages and other economic damages;

    c. Attorneys' fees and costs incurred in this action;

    d. Such other relief as is just and equitable;

    e. Plaintiff requests a jury trial of this action.

**DEBRA RANIERI**

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
Law Offices of Michael T. Smith
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099

IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DEBRA RANIERI,** ) | |
| ) | |
| Plaintiff, ) | Case No. 21-CV-3048 |
| ) | |
| v. ) | Judge: |
| ) | |
| **OPEN DOOR CLINIC OF GREATER** ) | |
| **ELGIN,** ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this | ☐ FEPA  ☒ EEOC | 440-2020-03194 |

and EEOC

*State or local Agency, if any*    S.S. No.

NAME (Indicate Mr., Ms., Mrs.)    HOME TELEPHONE (Include Area Code)
Ms. Debra Ranieri

STREET ADDRESS    CITY, STATE AND ZIP CODE    DATE OF BIRTH

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Open Door Clinic of Greater Elgin | 15-100 | (847) 695-0501 |

STREET ADDRESS    CITY, STATE AND ZIP CODE    COUNTY
1665 Larkin Avenue, Elgin, Illinois 60123    Kane

NAME    TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS    CITY, STATE AND ZIP CODE    COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))    DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE    01.22.2020    Presen
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☐ OTHER (Specify)    ☐ CONTINUING ACTION
Hostile Environment

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on August 21, 2017. My most recent position is A/R Coordinator. I have been subject to different terms and conditions of employment, employment hours, benefits and denied a request for accomodation based all on my disability of having breast cancer.

I have been discriminated against based on disability in violation of the American with Disabilities Act of 1990 as amended.

RECEIVED EEOC
FEB 19 2020
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

X *Debra L Ranieri*    SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
Date 01/28/2020  Charging Party (Signature)    (Day, month, and year)

**IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DEBRA RANIERI,** )  )   **Plaintiff,** )  ) **v.** )  ) **OPEN DOOR CLINIC OF GREATER ELGIN,** )  )  )  )  **Defendant.** )  ) | Case No. 21-CV-3048  Judge: |

**COMPLAINT**

# EXHIBIT B

EEOC Form 161-B (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Debra Ranieri<br>C/O Michael T. Smith<br>LAW OFFICES OF MICHAEL T. SMITH & ASSOCIATES<br>10 N. Martingale Road. Suite 400<br>Schaumburg, IL 60173 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2020-03194 | Jerry Zhang,<br>Investigator | (312) 872-9694 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]    More than 180 days have passed since the filing of this charge.

[ ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/eh*           3/9/2021

Enclosures(s)        Julianne Bowman,        *(Date Issued)*
                   **District Director**

cc:
     **OPEN DOOR CLINIC OF GREATER ELGIN**
     C/O Angela Sekerka
     Wilson Elser Moskowitz Edelman & Dicker LLP
     55 West Monroe Street, Suite 3800
     Chicago, IL 60603